**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-1666**

---

SABRINA R. BROWN,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:21-cv-00069-RAJ-LRL)

---

Submitted:  June 27, 2022                        Decided:  July 22, 2022

---

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Mark J. Favaloro, FAVALORO LAW, Virginia Beach, Virginia, for Appellant.  Raj Parekh, Acting United States Attorney, Alexandria, Virginia, Garry D. Hartlieb, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sabrina R. Brown appeals the district court's order granting the Government's motion to dismiss her complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). Brown argues that Portsmouth Community Health Center, Inc. ("PCHC"), was not deemed a federal entity when one of its nurse practitioners allegedly committed malpractice in 2016, that PCHC failed to disclose its status as a federal entity, and that such failure tolls the statute of limitations under the FTCA. Brown also contends that her filing of a state action was sufficient to satisfy the FTCA's administrative exhaustion requirement and that her claim is preserved under 28 U.S.C. § 2679(d)(5).

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). Similarly, on appeal from a motion to dismiss under Fed. R. Civ. P. 12(b)(1), "we review the district court's factual findings with respect to jurisdiction for clear error and the legal conclusion that flows therefrom de novo." *In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 333 (4th Cir. 2014) (cleaned up).

We have carefully reviewed the parties' briefs and the joint appendix and find no reversible error because Brown did not exhaust her administrative remedies. To the extent that Brown asks us to decide any future applicability of 28 U.S.C. § 2679(d)(5), she did not raise that issue in the district court, so it is not properly before us. Accordingly, we affirm the district court's judgment. *Brown v. United States*, No. 2:21-cv-00069-RAJ-LRL

2

(E.D. Va. May 10, 2021).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*